LOTTINGER, Judge.
This is a suit wherein the plaintiff, Hat-tiesburg Hardware Stores, Inc. seeks judgment against the defendant, Wesley B. Robertson, in the sum of $833.80 and also recognizing and enforcing its two material-man’s liens against the property of the defendant. Judgment was rendered in the Court below in favor of the plaintiff in the amount of $803.80 recognizing its liens as prayed for and the defendant has appealed. The plaintiff has neither appealed nor answered the appeal.
The record shows that the defendant entered into an unwritten agreement with a contractor, James C. Cooper, for the construction of a residence on a certain tract of land in the Parish of Washington, Louisiana. The construction began in the month of May, 1959, and previous to its completion, the contractor, in September of the same year, filed a petition for voluntary bankruptcy, and was later discharged as a bankrupt. The verbal contract between the owner and the contractor was, of course, not recorded nor was bond required of or furnished by the contractor.
Under the above set of facts, the rights-of the parties hereto are governed by the-provisions of LSA-R.S. 9:4812, which reads-as follows:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has-been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or-has been done, a copy of his estimate or-an affidavit of his claim or any other • writing evidencing same, which recor-dation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon-which it is situated, in favor of any such person who shall have performed' service or labor or delivered material in-connection with the said work or improvement, as his interest may appear. The said privilege, recorded as aforesaid, shall constitute a privilege against the property for a period of one year from the date of its filing, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of the recordation of the privilege in the office of' the recorder of mortgages. The effect of the registry ceases, even against the owner of the property or the property- *317 itself, if the inscription has not been renewed within one year from the date of the recordation. Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, which right of action shall not prescribe within one year of the date of its recordation, or the reinscription thereof. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent. The said privilege shall be superior to all other claims against the land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if the vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished. The wages of a laborer for work done by him on any building, shall, when properly presented and recorded by him in accordance with the provisions of this Sub-part, create in his favor a privilege on the land and improvements which will prime the right of mortgagees or vendors.”
The record establishes that the company salesman was able to recall the order for the materials sued on. He recalled receiving both orders from the contractor and he recalled that the contractor ordered the materials specifically for the defendant’s building.
The materialman was able to locate and obtain the testimony of the contractor’s employee who signed one of the two delivery tickets. The other ticket was signed by the contractor. The materialman’s driver was able to recall and to testify about both deliveries and the receipt of both delivery tickets.
One item delivered, the windows, is comparatively easier than most other material to trace. The defendant acknowledged that the materialman’s delivery ticket gives the correct number and description for the windows in his house. The contractor testified that these windows actually were used in the defendant’s house.
The law. with respect to a situation such as presented in the case at bar has been stated in Hattiesburg Manufacturing Company v. Pepe, La.App., 140 So.2d 449, as follows:
“Plaintiff having satisfactorily established delivery of the materials to defendant's contractor for use of construction has discharged the only burden incumbent upon it. It is now well settled that to require the seller to follow each item of material to its ultimate incorporation into a structure in order to perfect his right to a lien is to impose an unreasonable burden upon the vendor. As so aptly stated in earlier decisions it is far easier for an owner or contractor (who may have only one or a few jobs in progress) to check the flow of materials than it is for a vendor with hundreds of customers to-police each transaction. Moreover, the owner, having the capacity to guard against the defalcations of his contractor by the simple expedient of requiring a performance bond, must, as between himself and an innocent vendor of materials, suffer the consequences of his failure to avail himself of such protection. Hortman-Salmen Co. v. Raymond, 13 La.App. 490, 127 So. 452; Laney Co., Inc. v. Airline Apartments, Inc., et al., 223 La. 1000, 67 So.2d 570”. (Emphasis supplied).
*318 The question presented is purely factual and was resolved by the Trial Judge in favor of the plaintiff. We are unable to find where his conclusions are erroneous, and the judgment appealed from is therefore affirmed.
Judgment affirmed.